MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY
Division of Law
124 Halsey Street
P.O. Box 45029
Newark, New Jersey 07101
Attorney for Defendants
   *Matthew Platkin, Attorney General of New Jersey,*
   *Colonel Patrick J. Callahan, Superintendent of New Jersey State Police, and*
   *LaChia L. Bradshaw, Burlington County Prosecutor*

By:   Andrew H. Yang (066382013)
       Deputy Attorney General
       609-696-5278
       Andrew.Yang@law.njoag.gov

## UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HEIDI BERGMANN-SCHOCH, COALITION OF NEW JERSEY FIREARM OWNERS, GUN OWNERS OF AMERICA, INC., and GUN OWNERS FOUNDATION,<br><br>    Plaintiffs,<br><br>        v.<br><br>MATTHEW PLATKIN, in his official capacity as Attorney General of New Jersey, and COLONEL PATRICK J. CALLAHAN, in his official capacity as Superintendent of the New Jersey State Police, and LACHIA L. BRADSHAW, in her official capacity as the Burlington County Prosecutor,<br><br>    Defendants. | Hon. Christine P. O'Hearn, U.S.D.J.<br>Hon. Matthew J. Skahill, U.S.M.J.<br><br>Civil Action No.: 1:25-cv-997<br><br><u>Civil Action</u><br><br>**ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES ON BEHALF OF DEFENDANTS MATTHEW PLATKIN, COLONEL PATRICK J. CALLAHAN, AND LACHIA L. BRADSHAW** |

Defendants Attorney General Matthew Platkin, Superintendent Colonel Patrick J. Callahan, and Burlington County Prosecutor LaChia L. Bradshaw,[1] hereinafter referred to as "Defendants," by and through the undersigned counsel, hereby respond to the allegations set forth in Plaintiffs' Complaint as follows:

## INTRODUCTION

1. Defendants refer the Court to the actual text of the statute cited for a true and accurate account of its content and proper context. The remaining allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required. Footnote 1 does not contain factual assertions, but rather consists of Plaintiffs' characterizations of "hollow nose" and "dum-dum" bullets, and conclusions of law, none of which require a response. To the extent such allegations are understood as factual assertions, Defendants deny Plaintiffs' characterization of "hollow nose" or "dum-dum" bullets covered by N.J. Stat. Ann.§ 2C:39-3(f)(1), as "self-defense ammunition" as to each and every time that characterization is repeated in the Complaint.

2. Defendants refer the Court to the actual text of the cases cited for a true and accurate account of their content and proper context. The remaining allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required.

3. Defendants deny that New Jersey prohibits public possession of "the most effective types of self-defense ammunition." The remaining allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required. To the extent such allegations are understood as factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3.

---

[1] Burlington County Prosecutor was substituted for her predecessor under Fed. R. Civ. P. 25(d).

4. Defendants refer the Court to the actual text of the case cited for a true and accurate account of its content and proper context. The remaining allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required. To the extent such allegations are understood as factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4. Footnotes 2 and 3 consist of citations to which no response is required.

5. The allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required.

6. Defendants refer the Court to the actual text of the statutes cited for a true and accurate account of its content and proper context.

7. Defendants refer the Court to the actual text of the statute cited for a true and accurate account of its content and proper context.

8. Defendants refer the Court to the actual text of the statute cited for a true and accurate account of its content and proper context.

9. The allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required.

10. Defendants refer the Court to the actual text of the case cited for a true and accurate account of its content and proper context. Defendants deny the remaining allegations in paragraph 10.

11. Defendants refer the Court to the actual text of the case cited for a true and accurate account of its content and proper context. Defendants deny that hollow point or dum-dum ammunition is "ordinary ammunition." The remaining allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required.

12. Defendants deny that the State of New Jersey is violating the constitutional rights of its residents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12.

13. The allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 13.

## PARTIES

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19. Defendants admit that Defendant Matthew Platkin is the Attorney General of New Jersey and that the Attorney General enforces the State of New Jersey's criminal laws. The remaining allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required.

20. Defendants admit that Defendant Colonel Patrick J. Callahan is the Superintendent of the New Jersey State Police and that both the Superintendent and the New Jersey State Police

enforce New Jersey's criminal laws. The remaining allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required.

21. Defendants deny that Defendant Scott A. Coffina is the current prosecutor for Burlington County, New Jersey, but admit that the Burlington County Prosecutor enforces the State of New Jersey's criminal laws. The remaining allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required.

## JURISDICTION AND VENUE

22. The allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required.

23. The allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required.

## STATEMENT OF FACTS

### I. THE SECOND AMENDMENT

#### A. Methodology

24. Admitted.

25. Defendants refer the Court to the actual text of the case cited for a true and accurate account of its content and proper context. The remaining allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required.

26. Defendants refer the Court to the actual text of the case cited for a true and accurate account of its content and proper context. The remaining allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required.

27. Defendants refer the Court to the actual text of the case cited for a true and accurate account of its content and proper context. The remaining allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required.

28. Defendants refer the Court to the actual text of the case cited for a true and accurate account of its content and proper context. The remaining allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required.

29. Defendants refer the Court to the actual text of the case cited for a true and accurate account of their content and proper context. The remaining allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required.

30. Defendants refer the Court to the actual text of the case cited for a true and accurate account of their content and proper context. The remaining allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required.

31. Defendants refer the Court to the actual text of the cases cited for a true and accurate account of their content and proper context. The remaining allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required.

32. Defendants refer the Court to the actual text of the case cited for a true and accurate account of its content and proper context. The remaining allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required.

33. Defendants refer the Court to the actual text of the case cited for a true and accurate account of its content and proper context. The remaining allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required.

34. Defendants refer the Court to the actual text of the cases cited for a true and accurate account of their content and proper context. The remaining allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required.

35. Defendants refer the Court to the actual text of the case cited for a true and accurate account of its content and proper context. The remaining allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required.

36. Defendants refer the Court to the actual text of the case cited for a true and accurate account of its content and proper context. The remaining allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required.

37. Defendants refer the Court to the actual text of the cases cited for a true and accurate account of their content and proper context. The remaining allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required.

38. The allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required.

39. Defendants refer the Court to the actual text of the cases cited for a true and accurate account of their content and proper context. The remaining allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required.

40. Defendants refer the Court to the actual text of the cases cited for a true and accurate account of their content and proper context. The remaining allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required.

41. Defendants refer the Court to the actual text of the cases cited for a true and accurate account of their content and proper context. The remaining allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required.

42. The allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required.

**B. New Jersey's Ban on Hollow Point Ammunition Violates the Second Amendment**

43. The allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations is paragraph 43.

44. Defendants refer the Court to the actual text of the cases cited for a true and accurate account of their content and proper context. Defendants deny the remaining allegations in paragraph 44.

45. Defendants refer the Court to the actual text of the statute cited for a true and accurate account of its content and proper context. The remaining allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required.

46. Defendants refer the Court to the actual text of the cases cited for a true and accurate account of their content and proper context. The remaining allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required.

47. Defendants refer the Court to the actual text of the comment cited for a true and accurate account of its content and proper context. Defendants lack knowledge or information sufficient to form a belief as to the truths of the remaining allegations in paragraph 47. Footnote 4 consists of citations to which no response is required.

48. Defendants refer the Court to the actual text of the cases cited for a true and accurate account of their content and proper context, but to the extent a response is required, Defendants deny Plaintiffs' alterations to and recharacterization of the parenthetical quote of *Heller*. The

remaining allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required. Footnote 5 consists of a citation to which no response is required.

49. Defendants refer the Court to the actual text of the case cited for a true and accurate account of its content and proper context. The remaining allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required. To the extent such allegations are understood as factual assertions, Defendants deny the remaining allegations in paragraph 49.

50. Defendants refer the Court to the actual text of the cases cited for a true and accurate account of their content and proper context. The remaining allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required.

51. Defendants refer the Court to the actual text of the cases cited for a true and accurate account of their content and proper context. The remaining allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required.

52. The allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required.

53. Defendants refer the Court to the actual text of the cases cited for a true and accurate account of their content and proper context. The remaining allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required. Footnote 6 consists of conclusions of law to which no response is required.

54. Defendants refer the Court to the actual text of the cases cited for a true and accurate account of their content and proper context. The remaining allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required.

55. Defendants refer the Court to the actual text of the Second Amendment and cases cited for a true and accurate account of their content and proper context. The remaining allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required. Footnote 7 consists of conclusions of law to which no response is required.

## II. NEW JERSEY'S BAN ON "HOLLOW NOSE" AMMUNITION

56. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56.

57. Defendants deny Plaintiffs' categorization of "hollow point" ammunition as "self-defense ammunition," but admit that hollow point ammunition is "designed to petal, mushroom, or expand upon impact." Defendants deny Plaintiffs' categorization, in Footnote 8, that "'[h]unting' ammunition is most closely related to 'self-defense' ammunition," but admit that "[h]unting with hollow nose ammunition is permitted in New Jersey." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 57 and in Footnote 8.

58. Denied.

59. The allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required. To the extent such allegations are understood as factual assertions, Defendants deny Plaintiffs' characterization of N.J. Stat. Ann.§ 2C:39-3(f)(1) as "compel[ing] citizens to choose the inferior option for self-defense outside the home."

60. Defendants refer the Court to the actual text of the statute cited for a true and accurate account of its content and proper context. The remaining allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required.

61. Defendants refer the Court to the actual text of the statute cited for a true and accurate account of its content and proper context. The remaining allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required.

62. The allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required. To the extent such allegations are understood as factual assertions, Defendants deny Plaintiffs' characterization of hollow point ammunition as "commonly owned and carried." Footnote 9 consists of conclusions of law to which no response is required.

63. The allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required. To the extent such allegations are understood as factual assertions, Defendants deny Plaintiffs' characterization of the ammunition covered by N.J. Stat. Ann.§ 2C:39-3(f)(1) as "self-defense ammunition."

64. Defendants admit that the State of New Jersey requires most, though not all, persons who wish to carry firearms in public to obtain a Permit to Carry a Handgun. Defendants deny the remaining allegations contained in paragraph 64. Footnote 10 contains conclusions of law to which no response is required.

65. Defendants deny Plaintiffs' characterization of "hollow point" ammunition as "self-defense ammunition." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 65. Footnote 11 consists of a citation to which no response is required.

66. Defendants refer the Court to the actual text of the comment cited for a true and accurate account of its content and proper context. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 66.

67. Defendants refer the Court to the actual text of the comment cited for a true and accurate account of its content and proper context. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 67.

68. Defendants refer the Court to the actual text of the case cited for a true and accurate account of its content and proper context. The remaining allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required. To the extent such allegations are understood as factual allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 68.

69. Defendants refer the Court to the actual text of the comment cited for a true and accurate account of its content and proper context. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 69.

70. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70. Footnote 12 consists of conclusions of law to which no response is required.

71. Defendants refer the Court to the actual text of the document cited for a true and accurate account of its content and proper context. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 71.

72. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72. Footnote 13 consists of a citation to which no response is required. Defendants refer the Court to the actual text of the document cited in Footnote 13 for a true and accurate account of its content and proper context.

73. Defendants refer the Court to the actual text of the document cited for a true and accurate account of its content and proper context. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 73.

74. Defendants refer the Court to the actual text of the document cited for a true and accurate account of its content and proper context. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 74.

75. Defendants refer the Court to the actual text of the document cited for a true and accurate account of its content and proper context. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 75.

76. Defendants deny Plaintiffs' characterization of lawful ammunition in the State of New Jersey as "outdated and substandard," and as reflecting the view of the Department of Justice. *See Handgun Ammunition Suitable for Police Use*, City of Albuquerque Police Dep't (1976) ("Points of view or opinions stated in this document are those of the author(s) and do not represent the official position or policies of the U.S. Department of Justice").

### III. PLAINTIFF HEIDI BERGMANN-SCHOCH

77. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77.

78. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78.

79. Defendants deny Plaintiffs' characterization of "hollow point" ammunition as "self-defense ammunition." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 79.

80. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80.

81. Defendants refer the Court to the actual text of the cases cited for a true and accurate account of their content and proper context. Defendants admit that the Burlington County Prosecutor enforces the State of New Jersey's criminal laws, including those prohibiting carry of hollow point ammunition, and that such enforcement has resulted in arrest and prosecution of individuals for unlawful possession of hollow point ammunition. The remaining allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required. To the extent such allegations are understood as factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 81. Footnotes 14 and 15 consist of citations to which no response is required.

82. Defendants admit that Defendants enforce the State of New Jersey's criminal laws, including those prohibiting carry of hollow point ammunition. Defendants deny the characterization of such enforcement as "aggressively," and affirmatively aver that Defendants enforce the State of New Jersey's laws fairly and equally. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 82.

83. Defendants deny the allegations in this paragraph that characterize lawful ammunition as "less effective ammunition," "subpar," and "not as effective for self-defense." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 83.

84. The allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 84.

## IV. PLAINTIFFS GOA, GOF, AND CNJFO

85. The allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85.

86. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86.

87. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87.

88. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88.

89. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89.

90. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90.

91. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91.

92. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92.

93. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93.

94. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94.

95. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95.

96. The allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 96.

## COUNT I

### U.S. CONST. AMENDS. II, XIV
### RIGHT TO KEEP AND BEAR ARMS
### 42 U.S.C. § 1983 AGAINST DEFENDANTS

97. Defendants hereby repeat and reassert their answers to the previous paragraphs as if set forth fully herein.

98. The allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 98.

99. Defendants refer the Court to the actual text of the case cited for a true and accurate account of its content and proper context. The remaining allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required.

100. Defendants refer the Court to the actual text of the case cited for a true and accurate account of its content and proper context. The remaining allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required. Footnote 16 consists of conclusions of law to which no response is required.

101. Defendants refer the Court to the actual text of the case cited for a true and accurate account of its content and proper context. The remaining allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required.

102. The allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 102.

103. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103.

104. The allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 104.

105. Defendants refer the Court to the actual text of the case cited for a true and accurate account of its content and proper context. Defendants deny the remaining allegations in paragraph 105.

106. The allegations in this paragraph are not factual assertions, but conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 106.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants demand judgment dismissing Plaintiffs' Complaint with prejudice, together with costs of suit.

Defendants deny that Plaintiffs' constitutional rights have been violated. Defendants deny that Plaintiffs are entitled to any relief from Defendants, including a declaratory judgment and/or injunctive relief, attorney's fees, expert fees, and costs, or any other relief demanded by Plaintiffs. Defendants also deny that the scope of the allegations contained in Plaintiffs' Complaint extend beyond N.J. Stat. Ann.§ 2C:39-3(f)(1).

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendants have not deprived Plaintiffs of any right, privilege, or immunity secured to them by the United States Constitution or any Act of Congress.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendants upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs do not have standing with respect to the allegations in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

The claims asserted in Plaintiffs' Complaint are not ripe for adjudication.

### FIFTH AFFIRMATIVE DEFENSE

The conduct that is regulated by the challenged New Jersey law is not protected by the Second Amendment.

### SIXTH AFFIRMATIVE DEFENSE

The challenged New Jersey law does not violate the Second Amendment because it is consistent with this Nation's historical tradition of firearm regulation.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert each and every other separate affirmative defense that continuing investigation and discovery may indicate.

### RESERVATION OF RIGHTS

Defendants reserve the right, at or before trial, to move for summary judgment, on any appropriate grounds.

## DESIGNATION OF TRIAL COUNSEL

Please be advised that Andrew H. Yang, Deputy Attorney General, is hereby designated as trial counsel in this matter.

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge, information, and belief that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

                                                  MATHEW J. PLATKIN
                                                  ATTORNEY GENERAL OF NEW JERSEY

By:    /s/ *Andrew H. Yang*
              Andrew H. Yang
              Deputy Attorney General

Dated: March 14, 2024

## CERTIFICATE OF SERVICE

I certify that on March 14, 2025, Defendants Matthew Platkin's, Colonel Patrick J. Callahan's, and LaChia L. Bradshaw's Answer was electronically filed with the Clerk of Court in the United States District Court for the District of New Jersey through the Court's CM/ECF system, which filing effected service upon counsel of record through the CM/ECF system.

                                              MATHEW J. PLATKIN
                                              ATTORNEY GENERAL OF NEW JERSEY

                        By:    /s/ *Andrew H. Yang*
                                   Andrew H. Yang
                                   Deputy Attorney General

Dated: March 14, 2025