## UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| HEIDI BERGMANN-SCHOCH et al., <br><br> Plaintiffs, <br><br> v. <br><br> MATTHEW PLATKIN, in his official capacity as Attorney General of New Jersey et al., <br><br> Defendants. | Hon. Christine P. O'Hearn, U.S.D.J. <br> Hon. Matthew J. Skahill, U.S.M.J. <br><br> Civil Action No.: 1:25-cv-997 <br><br> Civil Action <br><br> **PROPOSED** <br> **JOINT DISCOVERY PLAN** |

In accordance with the Court's Order entered March 17, 2025, setting the date for a Scheduling Conference, Fed. R. Civ. P. 26(f); L. Civ. R. 26.1, counsel for the parties conferred and respectfully submit the enclosed Proposed Joint Discovery Plan.

1. **Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.**

*Counsel for Plaintiffs Heidi Bergmann-Schoch, Coalition of New Jersey Firearm Owners, Gun Owners of America, Inc., and Gun Owners Foundation*

Steven J. Harfenist, Esq.
Harfenist Kraut & Perlstein, LLP
3000 Marcus Avenue, Suite 2E1
Lake Success, New York 11042
516-355-9614
Sharfenist@hkplaw.com

Stephen D. Stamboulieh, Esq.
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS 38654
Stephen@sdslaw.us
601-852-3440
*Admitted Pro Hac Vice*

*Counsel for Defendants Matthew Platkin, Colonel Patrick J. Callahan, and LaChia L. Bradshaw*

Andrew H. Yang
Deputy Attorney General
New Jersey Office of the Attorney General
124 Halsey Street
Newark, NJ 07936
(609) 696-5278
Andrew.Yang@law.njoag.gov

Jonathan Mangel
Deputy Attorney General
New Jersey Office of the Attorney General
124 Halsey Street, P.O. Box 45029
Newark, New Jersey 07101
(609) 696-5216
Jonathan.Mangel@law.njoag.gov

Giancarlo G. Piccinini
Deputy Attorney General
New Jersey Office of the Attorney General
124 Halsey Street, P.O. Box 45029
Newark, New Jersey 07101
(609) 696-5283
Giancarlo.Piccinini@law.njoag.gov

2. **Set forth a brief description of the case, including the causes of action and defenses asserted.**

This action arises out of Plaintiffs' challenge to New Jersey's laws governing the possession, transportation, and carrying of hollow-point ammunition, which is regulated by N.J. Stat. Ann. § 2C:39-3(f)(1), subject to relevant enumerated

exceptions. Plaintiffs allege those laws violate the Second and Fourteenth Amendments of the United States Constitution.

Plaintiffs are a New Jersey individual, Heidi Bergmann-Schoch, and three organizations, Coalition of New Jersey Firearm Owners, Gun Owners of America, Inc., and Gun Owners Foundation. Defendants are New Jersey Attorney General Matthew J. Platkin, Superintendent of the New Jersey State Police Colonel Patrick J. Callahan, and Burlington County Prosecutor LaChia L. Bradshaw. The State is representing Defendants Platkin, Callahan, and Bradshaw.

In their answer to the operative pleading, Defendants assert the following affirmative defenses: (1) that they have not deprived Plaintiffs of any right, privilege, or immunity secured to them by the United States Constitution or any Act of Congress; (2) that Plaintiffs have failed to state a claim upon which relief can be granted; (3) that Plaintiffs lack standing; (4) that the claims asserted are not ripe for adjudication; (5) that the conduct that is regulated by the challenged New Jersey law is not protected by the Second Amendment; and (6) that the challenged New Jersey law does not violate the Second Amendment because it is consistent with this Nation's historical tradition of firearms regulation.

**3.    Have settlement discussions taken place?**

No. Given the nature of the dispute, such discussions are unlikely to be of value.

**4.    The parties have conferred pursuant to Fed. R. Civ. P. 26(f) on April 2, 2025.**

5. **Plaintiffs' and Defendants' counsel exchanged initial disclosures on April 16, 2025, consistent with Fed. R. Civ. P. 26(a)(1).**

6. **Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1).**

Not applicable.

7. **The parties have not filed disclosures of third-party litigation funding pursuant to Local Civil Rule 7.1.1 because such disclosures are inapplicable to the present matter.**

8. **The parties have not conducted discovery other than the above disclosures.**

9. **Proposed joint discovery plan:**

(a) Discovery is needed on the following subjects:

**Plaintiffs:** Plaintiffs may seek discovery from Defendants related to their Answer and Affirmative Defenses. Plaintiffs may also seek discovery regarding the enforcement of New Jersey's ban on hollow nose ammunition, including arrests, prosecutions, and other matters related to Plaintiffs' Complaint and Defendants' Answer.

Given that whether New Jersey's ban on hollow nose ammunition violates the Second Amendment is a question of law, Plaintiffs do not believe that experts are necessary. Indeed, the opinions of academics on the legal relevancy and sufficiency of purported historical analogues has no relevance in Second Amendment

4

cases.[1] *Bruen* emphasized that "[t]he job of judges … is to resolve *legal* questions presented in particular cases or controversies." *Bruen*, 597 U.S. at 25 n.6. To that end, courts are "entitled to decide a case based on the historical record *compiled* by the parties," not the historical record compiled and then distilled, summarized, and editorialized by academics. *Id.* (emphasis added). Indeed, "reasoning by analogy – a commonplace task for any lawyer or judge" – falls squarely within this Court's duty to decide the threshold relevancy of evidence under *Bruen*'s "how and why" and, ultimately, whether such evidence is "well-established and representative" enough to constitute a national tradition. *Id.* at 28, 29, 30; *see also id.* at 22 (recounting that, in *Heller*, "we addressed each purported analogue and concluded that they were either irrelevant or 'd[id] not remotely burden the right of self-defense as much as an absolute ban on handguns'"). Thus, while Defendants certainly may rely on historians only to *locate and compile* historical materials, once those tasks are accomplished, the role of historians is at an end. Thereafter, determining the *meaning* of those materials (statutory texts) is quintessentially the job of lawyers and judges. Indeed, the ultimate task at hand is *constitutional interpretation*.

As the Supreme Court has held, when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 17 (2022). In order

---

[1] Plaintiffs reserve their right to rebut any of Defendants' experts at the appropriate time.

for Defendants to "justify [their] regulation," they "may not simply posit that the regulation promotes an important interest. Rather, [they] must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's 'unqualified command.'" *Bruen*, 597 U.S. at 17; *see also Rahimi*, 602 U.S. at 692 ("As we explained in *Bruen*, the appropriate analysis involves considering whether the challenged regulation is consistent with the principles that underpin our regulatory tradition."). Additionally, in this Circuit, the Second Amendment "should be understood according to its public meaning in 1791." *Lara v. Comm'r Pa. State Police*, 125 F.4th 428, 441 (3d Cir. 2025). As such, Defendants will need to demonstrate an enduring historical tradition from the time period of ratification of the Second Amendment for any proper analogues.

**Defendants:** Defendants are seeking discovery related to the allegations in Plaintiffs' operative pleading. Defendants seek to discover information about Plaintiffs' standing. In addition, Defendants seek discovery related to Plaintiffs' claims about the prevalence, functionality, and use of hollow point ammunition, and the deaths and injuries resulting therefrom.

Defendants will also seek and provide evidence in support of their position that New Jersey's hollow point ammunition laws do not violate Plaintiffs' Second and Fourteenth Amendment rights. The final decision on the merits in this case will therefore be guided by the Supreme Court's *Bruen* and *Rahimi* decisions, which together require that Plaintiffs initially show that the plain text of the Second Amendment covers the conduct in question; if yes, only then does the burden shift to the government to justify the challenged laws by demonstrating how and why those laws are "consistent with the principles that underpin" the Nation's historical tradition of firearm regulation. *See United States v. Rahimi*, 602 U.S. 680, 691–92 (2024); *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 22–24 (2022). To do so, Defendants "need not" identify a historical "'dead ringer' or a 'historical twin'" to justify a challenged law under the *Bruen*/*Rahimi* test; Defendants need only show that the challenged law is "'relevantly similar' to laws that our tradition is understood to permit." *Rahimi*, 602 U.S. at 691–92 (quoting *Bruen*, 597 U.S. at 29, 30). So even where "a challenged regulation does not precisely match its historical precursors, 'it still may be analogous enough to pass constitutional muster.'" *Id.* at 692 (quoting *Bruen*, 597 U.S. at 30).

Defendants will demonstrate that the challenged law is consistent with this Nation's historical tradition of firearm regulation, which, according to the analysis required by *Bruen* and *Rahimi*, will involve examining historical laws and

regulations that govern the possession and use of firearms and weapons, including specific historical analogues to the laws challenged here. *See Bruen*, 597 U.S. at 25 n.6 (noting that, in our "adversarial system," courts deciding Second Amendment challenged rely on "party presentation" in order to "decide [the] case based on the historical record compiled by the parties.").

To aid the Court's interpretation of historical laws, expert reports will, among other things, provide useful historical context to aid the Court's evaluation of how relevantly similar historical laws "impose[d] a comparable burden on the right of armed self-defense" and why historical laws and the laws challenged here are "comparably justified," *see id.* at 29; and to address whether hollow point ammunition represents a "dramatic technological change[]" from ammunition used primarily (but not exclusively) in 1791, and whether the public carriage of that ammunition by civilians in fact is an unprecedented "societal problem," *id.* at 27.

Defendants will also seek discovery from experts that Plaintiffs provide.

(b) <u>Discovery should be conducted in phases as described below.</u>

(c) <u>Proposed schedule:</u>

    (1) Fed. R. Civ. P. 26 disclosures – Plaintiffs' and Defendants' counsel exchanged initial disclosures on **April 16, 2025, consistent with Fed. R. Civ. P. 26(a)(1).**

    (2) E-Discovery conference pursuant to L. Civ. R. 26.1(d) – **not applicable.**

    (3) Service of initial written discovery requests – **May 22, 2025**.

      (a) Maximum of **25** Interrogatories by each party to each other party.
      (b) Maximum of **5** fact depositions to be taken by each party.

(4) Motions to amend or to add parties to be filed by **May 30, 2025.**

(5) Factual discovery to be completed by **September 26, 2025 (if applicable)**.

(6) The Parties' expert reports due by **October 24, 2025**.

(7) The Parties' rebuttal expert reports due by **December 5, 2025 (if applicable).**

(8) Expert depositions to be completed by **January 30, 2026**.

(9) Dispositive motions to be filed by **February 27, 2026**.

 (d) Set forth any special discovery mechanism or procedure requested. – **Not applicable.**

(e) A pretrial conference may take place on <u>**a date to be determined later by the court.**</u>

(f) Trial date: <u>**To be determined later by the court.**</u>

10. **Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out−of−state witnesses or documents, etc.)? If so, please explain.**

The parties may wish to conduct videotape depositions but do not anticipate any other special discovery needs at this time.

11. **Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?**

No.

**If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.**

Not applicable.

12. **Do you anticipate entry of a Discovery Confidentiality Order? See L. Civ. R. 5.3(b) and Appendix S.**

The need for entry of a Discovery Confidentiality Order is uncertain at this time. The parties therefore reserve the right to request entry of such an order at a later date.

13. **Do you anticipate any discovery problem(s) not listed above? Describe.**

No.

14. **State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at disposition or dispositive motions, etc.).**

The parties agree that this case is not appropriate for arbitration or mediation because it presents a constitutional challenge to state laws.

15. **Is this case appropriate for bifurcation?**

No.

16. **Status conferences may be scheduled at the Court's convenience.**

17. **We do not consent to the trial being conducted by a Magistrate Judge.**

**18. Identify any other issues to address at the Rule 16 Scheduling Conference.**

None at this time.

| | |
|---|---|
| **HARFENIST KRAUT & PERLSTEIN, LLP** | **MATTHEW J. PLATKIN ATTORNEY GENERAL OF NEW JERSEY** |
| *Steven J. Harfenist* | /s/ Andrew H. Yang |
| Steven J. Harfenist, Esq. | Andrew H. Yang |
| Attorney for Plaintiffs | Deputy Attorney General |
| Date: April 16, 2025 | Attorney for Defendants |
| | Date: April 15, 2025 |