| | |
|---|---|
| Harfenist Kraut & Perlstein, LLP | Stephen D. Stamboulieh* |
| Steven J. Harfenist, Esq. | Stamboulieh Law, PLLC |
| (Atty Id. No. 045671989) | P.O. Box 428 |
| 3000 Marcus Avenue, Suite 2E1 | Olive Branch, MS  38654 |
| Lake Success, New York 11042 | T. (601) 852-3440 |
| T: (516) 355-9600 | stephen@sdslaw.us |
| F: (516) 355-9601 | MS Bar No. 102784 |
| E: sharfenist@hkplaw.com | *Admitted Pro Hac Vice |

*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------X
HEIDI BERGMANN-SCHOCH, COALITION OF NEW
JERSEY FIREARM OWNERS, GUN OWNERS OF
AMERICA, INC., and GUN OWNERS FOUNDATION,

**Civil Action No.:
25-CV-997(CPO)(MJS)**

Plaintiffs,

-against-

MATTHEW PLATKIN, in his official capacity as
the Attorney General of New Jersey, COLONEL
PATRICK J. CALLAHAN, in his official
capacity as the Superintendent of the New Jersey
State Police, and LACHIA L. BRADSHAW, in her
Official capacity as the Burlington County Prosecutor,

Defendants.
------------------------------------------------------------------X

## PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Subject to various exceptions not relevant here, N.J.S.A. § 2C:39-3(f)(1) prohibits individuals who are not law enforcement from carrying "hollow

nose or dum-dum" ammunition in public for self-defense. See, Declaration of Steven J. Harfenist dated March 12, 2026 at Ex. 2.[1]

2. There is no exception to N.J.S.A. § 2C:39-3(f)(1) for carrying hollow point ammunition in a firearm to be used for self-defense in public, or even for publicly possessing or transporting such ammunition generally. (Ex. 3, page 32:3-9)

3. Plaintiff Heidi Bergmann-Schoch ("Schoch") is a citizen of the United States and of the State of New Jersey, and resides in Wrightstown, Burlington County, New Jersey. (Ex. 1 at Exhibit C ¶1).

4. Schoch is a member of both Gun Owners of America, Inc. and the Coalition of New Jersey Firearm Owners. (Ex. 1 at Exhibit C ¶2; Ex. 4 at No. 3; Ex. 5 at No. 12; Ex. 6 at No. 12).

5. Schoch is a law-abiding person, eligible to purchase and possess firearms under both state and federal law, and has a valid New Jersey Permit to Carry a Handgun. (Ex. 1 at Exhibit C ¶¶2-3; Ex. 4 at No. 4).

6. Schoch frequently carries a firearm in public for self-defense and is trained to do so, being a certified firearms instructor and operator of a firearms training business. Ex. 1 at Exhibit C, ¶¶4-5).

---

[1] Exhibits 1-8 referenced herein are annexed to the Declaration of Steven J. Harfenist dated March 12, 2026 ("Harfenist Dec.").

7. Schoch wishes to publicly carry hollow point ammunition in her self-defense firearm, but does not due to N.J.S.A. § 2C:39-3(f)(1). (Ex. 1 at Exhibit C ¶¶5-7).

8. In her experience as a firearms instructor, Schoch has explained that hollow point ammunition is preferable for self-defense over full metal jacket ammunition because "hollow point ammunition expands or mushrooms upon impact … causing the bullet to slow down significantly, causing increased damage.... It also does not over penetrate as compared with full metal jacket ammunition." (Ex. 4 at No. 22).

9. Plaintiff Coalition of New Jersey Firearm Owners ("CNJFO") is a Second Amendment advocacy organization that has over 3,000 members and associates residing across New Jersey, many of whom maintain New Jersey Permits to Carry a Handgun. Many of CNJFO's members routinely carry handguns in public for self-defense. CNJFO exists to support and defend Second Amendment rights. (Ex. 1 at Exhibit A ¶¶4-5, 13).

10. Many of CNJFO's members desire to possess, transport, and carry hollow point ammunition for self-defense outside their homes, but are unable to do so because the challenged statute currently bans such activity. (Ex. 1 at Exhibit A ¶6).

11. CNJFO has spoken to a number of CNJFO members who overwhelmingly desire to possess, transport, and carry hollow point ammunition and who support CNJFO's involvement in this litigation. (Ex. 1 at Exhibit A ¶¶16, 22, 10).

12. For example, one CNJFO member currently carries a revolver loaded with "full metal jacket" ammunition, which they state is inferior for self-defense compared to hollow point ammunition. This member would carry hollow point ammunition but for the challenged statute. (Ex. 1 at Exhibit A ¶17).

13. Another CNJFO member possesses hollow point ammunition at home and would carry that ammunition in public, but for the challenged statute. (Ex. 1 at Exhibit A ¶18).

14. Yet another CNJFO member makes their own ammunition at home and fears prosecution under the challenged statute if they were to purchase hollow point projectiles from the store and then stop at locations on the way home that are not covered by the challenged statute's exemptions, such as the grocery store. (Ex. 1 at Exhibit A ¶19).

15. Finally, another CNJFO member often travels to various events in New Jersey, staying in a mobile trailer at night. This member would keep hollow point ammunition in their self-defense firearm in their mobile trailer, but for the challenged statute's prohibition. (Ex. 1 at Exhibit A ¶21).

16. Plaintiff Gun Owners of America, Inc. ("GOA") is a Second Amendment advocacy organization that has more than 2 million members and supporters across the country, including residents of the District of New Jersey, many of whom publicly carry handguns on a daily basis for self-defense and who desire to carry hollow point ammunition outside the home. GOA's mission is to preserve and defend the Second Amendment rights of gun owners. (Ex. 1 at Exhibit B ¶¶4, 10, 14-15).

17. Plaintiff Gun Owners Foundation ("GOF") is a Second Amendment advocacy organization that is supported by gun owners across the country, including within New Jersey, who fund the organization's activities so that it can, *inter alia*, file litigation such as this to preserve, protect, and defend their right to keep and bear arms. Like GOA, GOF's mission is to preserve and defend the Second Amendment rights of gun owners. (Ex. 1 at Exhibit B ¶¶5-6).

18. GOF funds its litigation efforts directly through individual contributions from GOF's supporters. GOF's supporters voluntarily contribute to GOF specifically so that GOF can bring litigation such as this to defend their Second Amendment rights. To that end, GOF provides its supporters with a quarterly newsletter and regular emails to keep them apprised of its litigation efforts. Likewise, GOF's supporters communicate their views to GOF about issues on which GOF should focus. (Ex. 1 at Exhibit B ¶¶6-8).

19. Together, GOA and GOF routinely hear from their members and supporters, some of whom reside in New Jersey and would publicly carry hollow point ammunition but for the challenge statute. (Ex. 1 at Exhibit B ¶¶12-15).

20. For example, one GOA member currently keeps hollow point ammunition at his home. If he were able to carry this ammunition publicly for self-defense, he would do so. (Ex. 1 at Exhibit B ¶16).

21. Another GOA member likewise keeps hollow point ammunition at home, but stores it in a firearm he never carries publicly, in order to avoid accidentally violating the challenged statute. (Ex. 1 at Exhibit B ¶17).

22. Finally, another GOA member wishes to publicly carry hollow point ammunition as part of his church security team, due to the risk of overpenetration using non-self-defense ammunition types. (Ex. 1 at Exhibit B ¶18).

23. Defendant Jennifer Davenport is the Attorney General of New Jersey and is the "chief law enforcement officer" responsible for "general supervision of criminal justice," including enforcement of the challenged statute. N.J.S.A. § 52:17B-98. She was automatically substituted as a Defendant upon taking office following the commencement of this litigation. *See* Fed. R. Civ. P. 25(d).

24. Defendant Jeanne Hengemuhle is the Acting Superintendent of the New Jersey State Police and is the "executive and administrative head of the Division of State Police" responsible for enforcing New Jersey's criminal laws,

including the challenged statute. N.J.S.A. §§ 52:17B-7, 52:17B-3. She was automatically substituted as a Defendant upon taking office following the commencement of this litigation. *See* Fed. R. Civ. P. 25(d).

25. Defendant Lachia Bradshaw is the Burlington County Prosecutor and is "vested with the same powers" in her county "as the attorney general" and "shall use all reasonable and lawful diligence for the detection, arrest, indictment and conviction of offenders against the laws," including the challenged statute. N.J.S.A. § 2A:158-5; *see* Exhibit 6, Bradshaw Response to Production of Documents (listing prosecutions of violations of the challenged statute).

26. The New Jersey State Police enforces the ban on hollow point ammunition and arrests those who violate the ban. (Ex. 3 at 33:23-34:1; Ex. 8 at No. 2).

27. New Jersey State Police officers are required to carry hollow point ammunition in their duty firearms. (Ex. 3 at 34:25-35:2, 15:13-16; Ex. 4 at No. 20).

28. When defending against a human attacker, hollow point ammunition is preferable to full metal jacket ammunition because the bullet spreads out on contact, increasing the odds that the bullet does not leave the body and has increased stopping power versus a full metal jacket round. (Ex. 6 at No. 19; Ex. 3 at 35:3-9; Ex. 4 at Nos. 9, 20; Ex. 5 at No. 13, 18).

29. Non-hollow point ammunition has a higher likelihood of passing through a human target, leading to the potential for collateral damage and/or unintended injuries to bystanders. (Ex. 1 at Exhibit A ¶17; Ex. 3 at 34:25- 35:2; Ex. 5 at No. 13, 18).

30. Ammunition is necessary to effectively use a firearm. (Ex. 3 at 34:2-6).

31. Colonel Callahan, the Superintendent of New Jersey State Police, was unable to define the term or articulate what constitutes a "dum-dum" round. (Ex. 3 at 20:3-8).

Dated:   Lake Success, New York
         March 12, 2026

                                HARFENIST KRAUT & PERLSTEIN, LLP

By:   *Steven J. Harfenist*
      Steven J. Harfenist
      *Attorneys for Plaintiffs*
      3000 Marcus Avenue, Suite 2E1
      Lake Success, New York 11042
      T: (516) 355-9600
      F: (516) 355-9601
      E: SHarfenist@hkplaw.com

      Stephen D. Stamboulieh
      MS Bar No. 102784
      Stamboulieh Law, PLLC
      P.O. Box 428
      Olive Branch, MS 38654
      T: (601) 852-3440
      E: stephen@sdslaw.us
      *Admitted Pro Hac Vice

## CERTIFICATE OF SERVICE

I, Steven J. Harfenist, hereby certify that I have filed a true and correct copy of the foregoing document or pleading with this Court's CM/ECF system, which generated a Notice of Electronic Filing, and provided a copy of the above to all counsel of record.

Dated: March 12, 2026

*Steven J. Harfenist*
STEVEN J. HARFENIST