# Exhibit 4


Harfenist Kraut & Perlstein, LLP
Steven J. Harfenist, Esq. (Atty Id. No. 045671989)
3000 Marcus Avenue, Suite 2E1
Lake Success, New York 11042
T: (516) 355-9600
F: (516) 355-9601
E: sharfenist@hkplaw.com
*Attorney for Plaintiffs*

Stephen D. Stamboulieh*
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS  38654
(601) 852-3440
stephen@sdslaw.us
MS Bar No. 102784
*Admitted Pro Hac Vice

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------X
HEIDI BERGMANN-SCHOCH, COALITION OF NEW JERSEY FIREARM OWNERS, GUN OWNERS OF AMERICA, INC., and GUN OWNERS FOUNDATION,

                              Plaintiffs,

    -against-

MATTHEW PLATKIN, in his official capacity as the Attorney General of New Jersey, COLONEL PATRICK J. CALLAHAN, in his official capacity as the Superintendent of the New Jersey State Police, and LACHIA L. BRADSHAW, in her Official capacity as the Burlington County Prosecutor,

                              Defendants.
------------------------------------------------------------------X

**Civil Action No.:**
**25-CV-997(CPO)(MJS)**

**HEIDI BERGMANN-SCHOCH'S RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

To:    Andrew H. Yang, Esq.
         Giancarlo Piccinini, Esq.
         Jonathan Mangel, Esq.
         New Jersey Office of the Attorney General
         124 Halsey Street
         Newark, NJ  07101

Andrew.Yang@law.njoag.gov
Jonathan.Mangel@law.njoag.gov
Giancarlo.Piccinini@law.njoag.gov

## INTRODUCTORY STATEMENT

Investigation, discovery and preparation for trial have not been completed, and the following responses are given without prejudice to the right to produce evidence at trial or on a motion for summary judgment of any subsequently discovered facts. These responses, therefore, do not purport to state herein anything more than the information presently known.

In responding to these Interrogatories, you have been furnished with such information as is presently available. This may include hearsay and other forms of evidence which are neither reliable nor admissible in evidence. Each answer is subject to appropriate objections (including, but not limited to, objections concerning competency, relevancy, materiality, propriety, privilege and admissibility) which would require the exclusion of any statement contained herein if the interrogatory were asked of, or any statement contained herein were made by, a witness present and testifying in court. All such objections and grounds are preserved and may be interposed at the time of trial.

Except for explicit facts admitted herein, no admissions of any nature whatsoever are implied or should be inferred. The fact that any interrogatory herein has been answered, should not be taken as an admission or acceptance of the existence of any facts set forth or assumed by such an interrogatory, or that such answer constitutes admissible or reliable evidence. This preliminary statement is incorporated into each of the responses set forth below.

## RESPONSE TO INTERROGATORIES

**INTERROGATORY 1:** Identify all Person(s) who have, claim to have, or who You believe may have knowledge, Documents, or information relating to any fact alleged in the Complaint filed in this Action, or any fact underlying the subject matter of this Action.

**RESPONSE 1**: Plaintiff objects to this request as discovery is still ongoing. To the extent Plaintiff identifies any additional individuals through the discovery process, she may supplement this request as appropriate. Without waiving the foregoing objection, Plaintiff identifies herself, Jack Pyle, Erich Pratt, and Defendants. Plaintiff reserves the right to supplement this response.

**INTERROGATORY 2:** Describe in detail the nature and substance of the knowledge, Documents, or information that You believe the Person(s) Identified in response to Interrogatory No. 1 may have.

**RESPONSE 2**: Plaintiff objects to this request as discovery is still ongoing. To the extent Plaintiff identifies any additional individuals through the discovery process, she may supplement this request as appropriate. Without waiving the foregoing objection, Plaintiff may be

2

able to testify about her allegations in the Complaint, her desire to carry hollow point ammunition, and her belief that hollow points are superior to carry in the self-defense context.  Plaintiff is a certified instructor, holding a certification from the National Rifle Association and the United States Concealed Carry Association, which allows her to train individuals based on each organization's curriculum.  During training, it is taught that hollow point ammunition is a better self-defense round because it has a tendency not to over penetrate a target and thus poses less risk to those around the intended target if one ever had to discharge a firearm at a person.

John Pyle signed a declaration on behalf of Plaintiff CNJFO, but Plaintiff does not have personal knowledge of what additional information Mr. Pyle may testify about other than what is in his declaration.  Likewise, Erich Pratt signed a declaration on behalf of Plaintiffs Gun Owners of America, Inc. and Gun Owners Foundation, but Plaintiff does not have any personal knowledge about what additional information Mr. Pratt may testify about other than what is in his declaration.  Plaintiff also identified Defendants in this action, but does not have personal knowledge about what Defendants may testify about, other than the fact that New Jersey bans "hollow nose" or "dum dum" ammunition for carry outside the home for self-defense.

**INTERROGATORY 3:** As to the Individual Plaintiff, state how long You have been and/or previously were a member of each of the Organizational Plaintiffs, if at all, including the date range(s) of any such membership.

**RESPONSE 3**: I joined Gun Owners of America on January 27, 2025 and have been a member of CNJFO since November 7, 2023.  My membership is current with both.

**INTERROGATORY 4:** As to the Individual Plaintiff, Identify issuance and expiration dates of each and every Firearms Purchaser Identification Card, Permit to Purchase a Handgun, or Permit to Carry a Handgun You have obtained in New Jersey. Identify all documents Concerning Your Firearms Purchaser Identification Card(s), Permit(s) to Purchase a Handgun, and Permit(s) to Carry a Handgun.

**RESPONSE 4**: Plaintiff objects to this request as it is unduly burdensome, overbroad, has no relevancy to the claims at issue in this lawsuit, and is not narrowed by any time limit.  Additionally, it is believed that the State of New Jersey has access to all the requested information which it would be able to retrieve upon request to the appropriate state agency.  Without waiving the foregoing objections, Plaintiff states that she currently has no outstanding/unexpired Permits to Purchase a Handgun and has a valid Permit to Carry a Handgun.

**INTERROGATORY 5:** As to the Individual Plaintiff, state whether any application for a Firearms Purchaser Identification Card, Permit to Purchase a Handgun, or Permit to Carry a Handgun was previously denied in New Jersey. If yes, Describe the reason(s) provided for the denial and Identify all documents Concerning such denial.

**RESPONSE 5**: Plaintiff objects to this request as the State of New Jersey has access to all the requested information which it would be able to retrieve upon request to the appropriate state agency.   Without waiving the foregoing objections, Plaintiff states no Firearms Purchaser

Identification Card, Permit to Purchase a Handgun, or Permit to Carry a Handgun was previously denied in New Jersey.

**INTERROGATORY 6:** As to the Individual Plaintiff, state whether any Firearms Purchaser Identification Card, Permit to Purchase a Handgun, or Permit to Carry a Handgun was revoked in New Jersey. If yes, Describe the reason(s) provided for the denial and Identify all documents Concerning such revocation.

**RESPONSE 6**: Plaintiff objects to this request as the State of New Jersey has access to all the requested information which it would be able to retrieve upon request to the appropriate state agency. Without waiving the foregoing objections, Plaintiff states no Firearms Purchaser Identification Card, Permit to Purchase a Handgun, or Permit to Carry a Handgun was previously revoked in New Jersey.

**INTERROGATORY 7:** As to the Individual Plaintiff, state whether You have ever previously owned Hollow Point Ammunition in New Jersey. If yes, Identify (a) date range(s) of such ownership; (b) purpose(s) of such ownership; (c) events Relating to its use, if any; and (d) any Documents or Information Concerning the acquisition or disposition of such Hollow Point Ammunition.

**RESPONSE 7**: I was a law enforcement officer from 1980 to 1981 for the East Brunswick Police Department in New Jersey and from 1985 to 1993 for Brick Township, New Jersey. During the time I was a law enforcement officer, I routinely carried hollow point ammunition in my firearm. I do not currently possess hollow point ammunition and, to my knowledge, do not believe that I have any documents related to my previous possession of hollow point ammunition while I was a law enforcement officer.

**INTERROGATORY 8:** As to the Individual Plaintiff, state whether You have previously used a firearm for self- defense, either through showing or brandishing the firearm, or actually discharging it. If yes, Describe the events in which You used a firearm in self-defense, and Identify (a) date(s); (b) firearm(s) and ammunition(s) used for self-defense; and (3) any Documents Relating to the events, including but not limited to: police report(s), if any.

**RESPONSE 8**: Plaintiff objects to this request as it is irrelevant and is not likely to lead to the discovery of admissible evidence. Without waiving the foregoing objections, Plaintiff states as follows: During my time as a law enforcement officer, and in the performance of my duties, I never had to fire my firearm in self-defense. However, I believe I only displayed my firearm three times in the performance of my duties. The first time was in 1981 during the stop of a motor vehicle robbery suspect. In 1986, I believe that I conducted a felony stop in a shopping center where I displayed my firearm. Additionally, sometime around 1990, I had to deal with a suicidal suspect which I also drew my firearm on. I do not recall specific dates and have not retained any documents.

**INTERROGATORY 9:** As to the Individual Plaintiff, Describe the primary basis for seeking to load Hollow Point Ammunition "in a firearm she carries for self-defense," Comp. ¶ 14, including identifying any Documents Concerning same.

**RESPONSE 9**: I believe that hollow points are the superior defensive round for several reasons. First, hollow point ammunition is used by law enforcement officers as hollow point ammunition has greater stopping power than full metal jacket type ammunition and it is the ammunition I carried when I was in law enforcement. Second, hollow point ammunition is generally safer to bystanders if I am ever forced to discharge my firearm in public as hollow point ammunition is made to "stop" within 12-16 inches of being shot into a semi-fluid filled mammal attacker body and full metal jacket ammunition does not, therefor over penetrating the target which could lead to collateral damage.

**INTERROGATORY 10:** As to the Individual Plaintiff, Identify any and all types of firearm(s) and ammunition(s) You carry or have carried in the past outside the home for self-defense, Comp. ¶ 14, including identifying any Documents Concerning same.

**RESPONSE 10**: Plaintiff objects to this request as it is not limited by time and that what type of firearm Plaintiff carries or has carried is irrelevant to the subject at issue here, which is whether New Jersey's ban on "hollow nose" or "dum dum" ammunition comports with the Second Amendment. Without waiving the foregoing objection, Plaintiffs states that she has carried a Sig Sauer 365 (9mm); a Sig Sauer 365XL (9mm); a Walther 380 but does not remember the specific model; a S&W Bodyguard 2.0 (.380 semiautomatic); and during her time as a law enforcement officer, she carried a S&W 38 special revolver Model 60. For her 9mm and .380, she carries Hornady Critical Defense. She may have carried hollow points off duty when she was in law enforcement, but does not specifically remember and does not believe she has any related documents.

**INTERROGATORY 11:** As to the Individual Plaintiff, Identify and Describe fully each and every Source of Knowledge about the factual allegation that Hollow Point Ammunition "in the firearm she publicly carries" will have "the increased effectiveness of stopping a threat," Comp. ¶ 80, including identifying any Documents Concerning same.

**RESPONSE 11**: Plaintiff objects to this request as the Second Amendment does not require a plaintiff to prove why an arm or ammunition is better than some other arm or ammunition, rather, the Second Amendment applies with equal force across all arms and ammunition. Without waiving the foregoing objection, Plaintiff states that her knowledge comes from her instruction on firearms, utilizing the curricula of the National Rifle Association Basic Pistol and CCW, and the United States Concealed Carry Association, her time spent as an active law enforcement officer, and articles she has read over the years from various magazines. Plaintiff includes slides from PowerPoint presentations which she uses to train individuals in her firearms training classes and which explain the different types of ammunition and provides an explanation for why hollow points are preferable to use instead of full metal jacket ammunition for self defense.

**INTERROGATORY 12:**  As to the Organizational Plaintiffs, Identify all "affected members and supporters [who] would have standing to sue individually to challenge" the Challenged Law, Comp. ¶ 18, including, but not limited to: names of such members, and whether they reside in New Jersey, and Describe membership details, including the date range(s) of each membership.

**RESPONSE 12**:  Not directed to individual plaintiff.

**INTERROGATORY 13:**  As to the Organizational Plaintiffs, provide all facts, Documents, and expert opinions that show, support, explain, Describe, or Identify how the Challenged Law affects or has affected Your member(s) Identified in Your response to Interrogatory No. 12.

**RESPONSE 13**:  Not directed to individual plaintiff.

**INTERROGATORY 14:**  As to the Organizational Plaintiffs, Identify whether any member Identified in Your response to Interrogatory No. 12 has applied for a Permit to Carry a Handgun in New Jersey. If yes, Identify how many persons, the number and date(s) of each application submitted for each person, and the outcome of the application process. Identify all Documents Concerning any such application(s).

**RESPONSE 14**:  Not directed to individual plaintiff.

**INTERROGATORY 15:**  As to the Organizational Plaintiffs, if any member Identified in Your response to Interrogatory No. 12 does not possess a Permit to Carry a Handgun, Identify and Describe all facts, Documents, and expert opinions that establish any specific injury You attribute to the Challenged Law.

**RESPONSE 15**:  Not directed to individual plaintiff.

**INTERROGATORY 16:**  As to the Organizational Plaintiffs, Describe Your purpose and the services You provide to Your members, and state whether You claim that the Challenged Law impedes Your ability to fulfill that mission or provide such services. If Your answer is in the affirmative, provide all facts, Documents, and expert opinions that show, support, explain, Describe, or Identify how the Challenged Law impedes Your ability to fulfill that mission or provide such services.

**RESPONSE 16**:  Not directed to individual plaintiff.

**INTERROGATORY 17:**  Identify all addresses from which You, whether individually or through any corporate entity or business, have conducted business in New Jersey, including the street name and number, city, state, zip code, identity of property owner, identity of lessee, the dates of your use, and the business name(s) used. Identify all Documents Concerning Your business use of such addresses.

**RESPONSE 17**: Plaintiff objects to this request as it is irrelevant and unlikely to lead to the discovery of admissible evidence. Without waiving the foregoing objections, Plaintiff states as follows: ScotShot certified her as an NRA handgun instructor in 2015, she does not the remember the address, 2017-2020; Compass Defense LLC, 145 Rahilly Road, Wrightstown, NJ 08562; 2021 to present; We Shoot USA, 1955 Swarthmore Ave, Lakewood, NJ 08701, 2020 to present; Garden State Shooting Center same address as We Shoot USA, 2018-2020; We Shoot USA took over Garden State in 2020; assisted in teaching several classes at a range called Recoil Indoor Range in Monroe, New Jersey, 25 Mott Avenue, Monroe TWP, NJ, 08831, approximate date from February 2020 to June 2021.

**INTERROGATORY 18:** Describe fully each and every Source of Knowledge about the factual allegations that Hollow Point Ammunition is "the most effective type[] of self-defense ammunition" and "the quintessential type of 'self-defense' ammunition," Comp. ¶ 3, including identifying any Documents Concerning same.

**RESPONSE 18**: My knowledge comes from my time as a law enforcement officer, various articles I have read in magazines and curricula from the firearms classes I teach. *See also* Response to Interrogatory Number 9 and Number 11.

**INTERROGATORY 19:** Identify the specific features of Hollow Point Ammunition that makes its use more "effective," Comp. ¶ 3, and "superior," Comp. ¶ 59, compared to other types of ammunition(s) for self-defense outside the home, and Identify all facts, Documents, and expert opinions that show, support, explain, Describe, or Identify that such features of Hollow Point Ammunition make it more effective than or superior to other types of ammunition(s) for self-defense outside the home.

**RESPONSE 19**: Plaintiff objects to this request as the Second Amendment does not require a plaintiff to prove why an arm or ammunition is better than some other arm or ammunition, rather, the Second Amendment applies with equal force to all arms and ammunition. Without waiving the foregoing objection, Plaintiff states as follows: While I am not an expert on ballistics, my understanding of hollow point ammunition is that the rounds expand or mushroom upon impact with a semi fluid filled medium, causing the round to slow significantly. Hollow point ammunition also causes increased damage via a larger wound channel and does not over penetrate the target. Because full metal jacket ammunition does not expand on contact with a semi fluid filled medium, it can over penetrate that target and lead to collateral damage and harm to bystanders. Plaintiff includes slides from PowerPoint presentations which she uses to train individuals in her firearms training classes and which explain the different types of ammunition and provides an explanation for why hollow points are preferable to use instead of full metal jacket ammunition for self defense.

**INTERROGATORY 20:** Describe fully each and every Source of Knowledge about the factual allegation that carrying Hollow Point Ammunition is the "widespread preference[] of the American people," Comp.¶ 4, including identifying any Documents Concerning same.

**RESPONSE 20**: My information comes from various literature that I have read, including magazines, studies, and reports, and my belief that people who carry for defense would carry hollow points in their self-defense firearms. Additionally, from my time in law enforcement,

7

I know that the police carry hollow point ammunition in their sidearms.  Finally, from the various firearms classes I teach, the PowerPoint slides I use reference a 1998 New York Police Department publication discussing that "46% of innocent bystanders struck by police bullets were hit by rounds that had passed through an attacker's body or another object" and "39% of police officers struck by 'friendly fire' were hit by bullets that had over-penetrated the bodies of attackers the police were battling."

**INTERROGATORY 21:** Describe fully each and every Source of Knowledge about the factual allegation that "there was never an earlier American tradition of prohibiting the public carry of any type of ammunition," Comp. ¶ 4, including identifying any Documents Concerning same.

**RESPONSE 21**: Plaintiff does not have any information about proving the negative in this request.

**INTERROGATORY 22:** Describe fully each and every Source of Knowledge about the factual allegation that ammunition(s) other than Hollow Point Ammunition, including full metal jacket ammunition, are "the inferior option for self-defense outside the home," Comp. ¶ 59, including identifying any Documents Concerning same.

**RESPONSE 22**: My knowledge comes from the fact that hollow point ammunition expands or mushrooms upon impact with a semi fluid filled medium, causing the bullet to slow significantly, causing increased damage, and creating a larger wound channel.  It also does not over penetrate as compared with full metal jacket ammunition.  Full metal jacket ammunition is generally utilized for training or target shooting.  Additionally, as stated above, I carried hollow point ammunition while I was in law enforcement, and I believe all law enforcement officers carry hollow point ammunition in their firearms.  Plaintiff includes slides from PowerPoint presentations which she uses to train individuals in her firearms training classes and which explain the different types of ammunition and provides an explanation for why hollow points are preferable to use instead of full metal jacket ammunition for self defense.

**INTERROGATORY 23:** Describe fully each and every Source of Knowledge about the factual allegation that ammunition(s) other than Hollow Point Ammunition are "so outdated and substandard when compared to modern hollow point ammunition" Comp. ¶ 76, including identifying any Documents Concerning same.

**RESPONSE 23**: This answer depends on the purpose.  Hollow points are not preferable in every scenario, such as for target shooting, where most people use full metal jacket ammunition.  It is my belief that hollow points are better for self-defense because, as described in the responses above, full metal jacket ammunition can over penetrate a target and lead to collateral damage more easily than hollow point.

**INTERROGATORY 24:** Identify all Person(s) You expect to call at trial as fact witnesses and Describe the subject matter upon which each such Person is expected to testify.

**RESPONSE 24**: Individual plaintiff has not made a decision yet as to which fact witnesses will be called to testify. Individual plaintiff may call any witness that has been identified in the initial disclosures or identified through discovery. Individual plaintiff may supplement this interrogatory at the appropriate time.

**INTERROGATORY 25**: Identify all Person(s) You expect to call at trial as expert witnesses and provide their occupation and field(s) of expertise, qualifications, subject matter of anticipated testimony, basis of anticipated testimony or opinion, title of any article(s) or publication(s) written, all Documents and other information relied upon in forming his or her opinion, and copies of all reports and/or statements.

**RESPONSE 25**: Individual plaintiff objects to this request as premature. Without waiving the objection, the individual plaintiff has not made a decision yet as to which expert witnesses, if any, will be called to testify. Individual plaintiff may supplement this interrogatory at the appropriate time and in line with the scheduling order.

Dated: Lake Success, New York
July 10, 2025

HARFENIST KRAUT & PERLSTEIN, LLP

By: *Steven J. Harfenist*

Steven J. Harfenist
*Attorneys for Plaintiffs*
3000 Marcus Avenue, Suite 2E1
Lake Success, New York 11042
T: (516) 355-9600
F: (516) 355-9601
E: SHarfenist@hkplaw.com

Stephen D. Stamboulieh
MS Bar No. 102784
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS  38654
T: (601) 852-3440
E: stephen@sdslaw.us
*Admitted Pro Hac Vice

## CERTIFICATE OF SERVICE

I certify that on July 10, 2025, a copy of the foregoing document or pleading has been sent to:

Andrew H. Yang, Esq.
Giancarlo Piccinini, Esq.
Jonathan Mangel, Esq.
New Jersey Office of the Attorney General
124 Halsey Street
Newark, NJ  07101
Andrew.Yang@law.njoag.gov
Jonathan.Mangel@law.njoag.gov
Giancarlo.Piccinini@law.njoag.gov

*Steven J. Harfenist*
STEVEN J. HARFENIST

## VERIFICATION

The undersigned, being duly sworn, hereby deposes and says, that I am a Plaintiff in the instant action, I have read the responses to these Interrogatories, and that I know the contents thereof upon information and belief; and that the same are true to the best of my knowledge.

Dated: July 9, 2025

HEIDI BERGMANN-SCHOCH