# Exhibit 8

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY
124 Halsey Street
Newark, New Jersey 07101
*Attorney for Defendant*

By: Jonathan B. Mangel (NJ Bar No. 281382018)
Deputy Attorney General
609-696-5366
Jonathan.Mangel@law.njoag.gov

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| HEIDI BERGMANN-SCHOCH et al., <br><br> Plaintiffs, <br><br> v. <br><br> MATTHEW PLATKIN et al., <br><br> Defendants. | Hon. Christine P. O'Hearn, U.S.D.J. <br> Hon. Matthew J. Skahill, U.S.M.J. <br><br> Civil Action No.: 1:25-cv-997 <br><br> Civil Action <br><br> **DEFENDANT COLONEL PATRICK J. CALLAHAN'S ANSWERS TO PLAINTIFFS' REQUEST FOR ADMISSIONS** |

TO: Steven J. Harfenist, Esq.
Harfenist Kraut & Perlstein, LLP
3000 Marcus Avenue, Suite 2E1
Lake Success, New York 11042
Sharfenist@hkplaw.com

Stephen D. Stamboulieh, Esq.
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS 38654
Stephen@sdlaw.us

Defendant Colonel Patrick J. Callahan, solely in his official capacity as Superintendent of the New Jersey State Police, hereby responds to Plaintiffs' Request for Admissions as follows:

**GENERAL OBJECTIONS**

1. The Defendant responding to these Requests is the Superintendent of the New Jersey State Police, in their official capacity. Information within the possession or control of other government officials, entities, or branches of State government, local government, or county and local police departments, are not in the possession, custody, or control of Defendant.

2. Defendant objects to the Requests to the extent they seek to have Defendant produce information that is not in their possession, custody, or control.

3. Statements contained herein that Defendant will produce copies of all responsive documents within their possession, custody, or control are not intended to mean that responsive documents are or normally should be within their possession, custody, or control, but rather that if they should come within their possession or control, Defendants will produce them.

4. Defendant objects to the Requests to the extent that they seek information that is not relevant to this action, not proportional to the needs of the case, or otherwise beyond the scope of F.R.C.P. 26(b).

5. Defendant objects to the Requests on the grounds that they are vague, ambiguous, overbroad, unintelligible, or unduly burdensome so as to render them impossible to respond in a reasonable manner or amount of time.

6. Defendant objects to the Requests to the extent that they purport to request information from third parties. In responding to the Requests, Defendant will only produce information to the extent that the requested information exists and is within their possession, custody, or control.

7. Defendant objects to the Requests to the extent they seek information, the disclosure of which would violate judicially recognized protections and privileges, confidentiality agreements or arrangements, materials prepared in anticipation of litigation, or confidential settlement discussions and conduct.

8. In providing the below responses, Defendant does not in any way waive:

    (a) All objections as to competency, relevancy, materiality, and admissibility;

    (b) All rights to object on any ground to the use of any of the responses herein or documents in any subsequent proceedings, including the trial of this or any other action;

    (c) All objections as to vagueness and ambiguity; and

    (d) All rights to object on any ground to any further Requests or other discovery requests involving or related to any of the interrogatories responded to herein.

9. Privileged information responsive to the Requests is not being provided. Defendant does not waive the attorney-client privilege, the work-product privilege, and any other privilege with respect to each and every document protected by such a privilege.

10. Defendant reserves the right to amend, modify, or supplement the objections or responses

stated herein.

11. Defendant incorporates the foregoing general objections into each and every objection and/or individualized response contained herein and set forth below and into each and every amendment, supplement or modification of these responses hereinafter provided to the Interrogatories. Defendant does not waive any general objections in response to any discovery request set forth in the Requests propounded.

### DEFENDANT COLONEL PATRICK J. CALLAHAN'S ANSWERS TO PLAINTIFFS' REQUEST FOR ADMISSIONS

1. **REQUEST FOR ADMISSION 1:** Please admit that N.J.S.A. § 2C:39-3(f)(1) bans the possession of "hollow nose or dum-dum" ammunition for self-defense use in public for non-law enforcement individuals.

   **RESPONSE:** Defendant admits that N.J.S.A. § 2C:39-3(f)(1) bans the knowing possession of any hollow nose or dum-dum bullet, other than by law enforcement officers or persons engaged in activities pursuant to subsection f. of N.J.S.2C:39-6.

2. **REQUEST FOR ADMISSION 2:** Please admit that the New Jersey State Police arrest those in violation of N.J.S.A. § 2C:39-3(f)(1).

   **RESPONSE:** Defendant objects to this Request because it calls for speculation and rely on multiple sets of unspecified assumptions. Defendant further objects to this Request to the extent it is vague, ambiguous, and not reasonably susceptible of admission or denial as contemplated by F.R.C.P. 36.

   Without waiving the general and specific objections, Defendant admits that New Jersey State Police have the authority to make arrests for violations of state criminal laws, including New Jersey Stat. Ann. § 2C:39-3(f)(1), within their statewide jurisdiction.

3. **REQUEST FOR ADMISSION 3:** The term "dum-dum bullet" is not defined in the New Jersey Revised Statutes or any rule, regulation or ordinance promulgated but [sic] State of New Jersey.

   **RESPONSE:** Defendant admits only to the extent that the term "dum-dum bullet" is not explicitly defined in the New Jersey Code of Criminal Justice, including New Jersey Stat. Ann. § 2C:39-3(f)(1), or regulations promulgated thereunder.

4. **REQUEST FOR ADMISSION 4:** Ammunition is necessary to effectively use a firearm.

   **RESPONSE:** Defendant objects to this Request to the extent it calls for speculation, relies on multiple sets of unspecified assumptions, and poses alternative scenarios, including with respect to the scope of an instrument's use or effectiveness. Defendant also objects to this Request to the extent it is vague and ambiguous, including with respect to the undefined terms "ammunition" and "firearm," and not susceptible of admission or denial as contemplated by F.R.C.P. 36.

3

5. **REQUEST FOR ADMISSION 5:** No state other than New Jersey prohibits its citizens from possessing or carrying hollow point ammunition for self-defense in public.

**RESPONSE:** Defendant objects to this Request because it seeks information not within Defendants' possession, custody, or control, and requires Defendant to speculate regarding the application of other state laws that are neither at issue in this litigation nor known by Defendant. Defendant also objects to this Request to the extent it seeks conclusions about the law of other states. Defendant objects to this Request to the extent it attempts to impose Plaintiffs' burden of proof onto Defendant.

## CERTIFICATION

I hereby certify that I am the Superintendent of the New Jersey State Police and I am authorized to execute this Certification. I hereby certify that I have read the foregoing responses to Plaintiffs' First Requests for Admissions, and that said responses are true, correct and complete.

I certify that the foregoing statements by me are true. I understand that if any of the foregoing statements are willfully false, I may be subject to punishment.

Patrick J. Callahan
Colonel, Superintendent
New Jersey State Police

Dated: ~~July 24, 2025~~ 9/4/2025

## **CERTIFICATION**

I certify that I have made the above-stated objections on behalf of Defendant.

                                                      *[signature]*
                                                      Jonathan B. Mangel
                                                      Deputy Attorney General

Dated: September 5, 2025