Harfenist Kraut & Perlstein, LLP
Steven J. Harfenist, Esq.
(Atty Id. No. 045671989)
3000 Marcus Avenue, Suite 2E1
Lake Success, New York 11042
T: (516) 355-9600
F: (516) 355-9601
E: sharfenist@hkplaw.com
*Attorney for Plaintiffs*

Stephen D. Stamboulieh*
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS  38654
T. (601) 852-3440
stephen@sdslaw.us
MS Bar No. 102784
*Admitted Pro Hac Vice

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------X
HEIDI BERGMANN-SCHOCH, COALITION OF NEW
JERSEY FIREARM OWNERS, GUN OWNERS OF
AMERICA, INC., and GUN OWNERS FOUNDATION,

                                    Plaintiffs,

        -against-

JENNIFER DAVENPORT, in her Official Capacity as the
Attorney General of New Jersey, JEANNE
HENGEMUHLE, in her Official Capacity as the Acting
Superintendent of the New Jersey State Police, and
LACHIA BRADSHAW, in her Official Capacity as the
Burlington County Prosecutor,

                                    Defendants.
-------------------------------------------------------------------X

**Civil Action No.:
25-CV-997(CPO)(MJS)**


**PLAINTIFFS' NOTICE
OF SUPPLEMENTAL
AUTHORITY**

        Plaintiffs respectfully request leave to submit this Notice of Supplemental

Authority in further support of Plaintiffs' Motion for Summary Judgment (ECF #

41). *See Atkins v. Capri Training Ctr., Inc.*, Civil Action No. 2:13-CV-06820, 2014

U.S. Dist. LEXIS 139989, at *28 (D.N.J. Oct. 1, 2014) ("Generally, if pertinent and

significant authorities come to a party's attention after the party's brief has been filed,

1

the party may advise the court of the relevant authority through a Notice of Supplemental Authority…").

On June 25, 2026, the United States Supreme Court issued its opinion in *Wolford v. Lopez*, No. 24-1046, 2026 LX 331359 (June 25, 2026). *Wolford* held unconstitutional a Hawaii law that made it illegal to carry a firearm on private property open to the public without having received express permission from the property owner. *Id*. at *7.

In *Wolford*, the Court reiterated the proper analysis that should occur at the "plain text" stage of the *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022) analysis. This subject matter qualifier is a low bar, and is satisfied if the challenged law applies to "the people," if it concerns "any form of 'Arms,'" and if the law places "any restrictions on either the 'keep[ing] … or bearing' of arms." *Id*. at *14. *See* Plaintiffs' Memorandum of Law in Opposition to Defendants' Cross-Motion for Summary Judgment at 6 ("the boundaries of the Second Amendment's protections are properly to be determined by historical analysis – i.e., after the plain text is implicated."). *See also id*. at *37 n.1 (Barrett, J., concurring) (courts may not "smuggle additional limits, drawn from our regulatory tradition, into the plain-text stage of the inquiry."). Thus, rejecting Hawaii's argument that that the "plain text" was not implicated by a ban on "armed entry onto private property without the owner's consent," the Court found

2

such claim to be "out of place at *Bruen*'s first step," because it regulated the bearing of arms. *Id*. at \*27.

Defendants' argument here is nearly identical to Hawaii's in *Wolford*. Seeking to "smuggle additional limits … into the plain-text stage," they claim that Plaintiffs must show that hollow point ammunition is "in common use for self-defense" which they call a "predicate[] for Second Amendment protection." *See* Defendants' Cross Motion for Summary Judgment, ECF # 43-1 at 9-10. And, while acknowledging that ammunition is "necessary" for a firearm to operate, they claim that *hollow point* ammunition is not. XMSJ at 12. But these claims are "out of place at *Bruen*'s first step." *Id*. at \*27. Rather, because "the Second Amendment's plain text presumptively applies to … all 'bearable arms,' which includes ammunition, and presumptively covers the public carry of firearms," (Plaintiffs' Memorandum in Support of Summary Judgment, ECF # 41-11 at 21), *Bruen*'s subject matter qualifier is clearly satisfied and this Court must proceed to the historical inquiry.

3

Dated:      Lake Success, New York
            July 13, 2026

HARFENIST KRAUT & PERLSTEIN, LLP

By:       _Steven J. Harfenist_

Steven J. Harfenist
*Attorneys for Plaintiffs*
3000 Marcus Avenue, Suite 2E1
Lake Success, New York 11042
T: (516) 355-9600
F: (516) 355-9601
E: SHarfenist@hkplaw.com

Stephen D. Stamboulieh
MS Bar No. 102784
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS 38654
T: (601) 852-3440
E: stephen@sdslaw.us
*Admitted Pro Hac Vice

4