Case 1:25-cv-00997-CPO-MJS Document 13-1 Filed 02/03/25 Page 1 of 3 PageID: 42

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------X
HEIDI BERGMANN-SCHOCH, COALITION OF NEW JERSEY FIREARM OWNERS, GUN OWNERS OF AMERICA, INC., and GUN OWNERS FOUNDATION,

Civil Action No. ______________

Plaintiffs,

-against-

MATTHEW PLATKIN, in his official capacity as the Attorney General of New Jersey, COLONEL PATRICK J. CALLAHAN, in his official capacity as the Superintendent of the New Jersey State Police, and SCOTT A. COFFINA, in his official capacity as the Burlington County Prosecutor,

Defendants.

---

DECLARATION OF HEIDI BERGMANN-SCHOCH

---

1. My name is Heidi Bergmann-Schoch. I am a U.S. citizen and resident of Wrightstown, New Jersey, located within Burlington County. I make this declaration in support of Plaintiffs' Complaint for Declaratory and Injunctive Relief. Unless otherwise stated, I make this declaration based on personal knowledge. If called as a witness, I can testify to the truth of the statements contained herein.

2. I am a law-abiding person, eligible to possess firearms under state and federal law. I am an avid gun owner and supporter of the right to keep and bear arms. I am a member of Gun Owners of America, Inc. and a member of the Coalition of New Jersey Firearm Owners.

3. I possess a current and valid New Jersey Permit to Carry a Handgun.

4. I am a United States Concealed Carry Association ("USCCA") Training Counselor and

Certified Multi-Discipline instructor. I am an NRA Instructor, certified to teach Pistol, Concealed Carry Weapon (CCW) and Rifle, as well as being a Chief Range Safety Officer. I operate Compass Defense, LLC, a firearms training business. In this role, I am responsible for training other New Jerseyans in carrying their firearms and being proficient in the usage of firearms.

5. In New Jersey, I carry my firearm often, for self-defense. However, pursuant to New Jersey law, I am unable to carry hollow point ammunition while I am outside my home.

6. For that reason, not only do I not carry hollow point ammunition for self-defense in public, but also I do not possess it within my home, so that I do not unintentionally make the mistake of publicly carrying hollow point ammunition by accident.

7. However, my preference is to purchase, possess, and carry hollow point ammunition in my firearm for self-defense, both within my home and in public, as I believe that type of ammunition is more effective at stopping a threat and not overpenetrating any intended target.

8. One of the issues with carrying "ball" ammunition is that it does not expand when contacting a living target, and thus, it is more likely to completely penetrate and pass through the body, rather than stop within the intended target. This is true in self-defense uses against people and animals alike.

9. This overpenetration can prove lethal for innocent bystanders, who can be hit with "ball" ammunition that, after hitting the intended target, can pass through that target to hit another unintended target.

10. If New Jersey did not ban me from carrying hollow point ammunition outside my home, I would purchase, possess, and carry hollow points in my firearm while carrying in public. But because hollow points are banned, I have refrained from violating the law and do not carry or own them.

I, Heidi Bergmann-Schoch, declare under penalty of perjury that the foregoing is true and correct.

1/29/25
**DATE**

**HEIDI BERGMANN-SCHOCH**